Chief Judge Fuld.
On July 6, 1971, the Appellate Division entered an order reversing the determination of the Family Court, sustained the writ of habeas corpus sued out by the petitioners-respondents and directed the foster parents, the respondents-appellants Herbert and Pearl Polk, to deliver the child Angela to the petitioner-respondent, The Spence-Chapin Adoption Service, that it might, in turn, deliver the child to its natural mother. The appellants thereafter applied to me for a tempo *652 rary stay of the Appellate Division’s order pending determination of their motion, addressed to the Court of Appeals, for a stay of enforcement of that order. Following lengthy argument and conferences on July 9 and 12 — attended by all counsel— the matter was .adjourned, at the request of counsel for the appellants, to afford him an opportunity to obtain from his clients papers which I deemed essential to evidence their good faith and their intention not to remove the child from the court’s jurisdiction.
However, on the morning of July 13, counsel for the appellants advised me that his clients had disappeared, along with the child, from their home and that he was unable to ascertain their whereabouts. Concluding that the appellants had either left the State with the child or had sought, by rendering themselves unavailable, to avoid obedience to the court’s mandate, I denied the requested stay.
In August, following the issuance of a decree by the Appellate Division, holding them in contempt for failing and refusing to obey its order of July 6, the appellants returned to this State and are now before me on reapplication for a stay pending the appeal taken to the Court of Appeals. As I wrote in my memorandum, dated July 13—when I denied the stay originally sought — the appellants’ action in removing the child from this State ‘ ‘ may not be condoned, for, if we are to be an ordered society, living under the ‘ rule of law, ’ every citizen, regardless of the consequences, must abide by decisions solemnly and fairly arrived at by our courts.” I repeat, the appellants’ conduct cannot be tolerated.
Since I believe that the decision rendered by the Appellate Division in favor of the petitioners-respondents is correct, since I am not persuaded that the appellants will not again seek to frustrate the order of the Court of Appeals, if the court directs an affirmance, by again removing the child from the court’s jurisdiction and since it is my view that this is in the best interests and welfare of the child in the long run, I have no alternative but to deny the appellants’ present application that they be permitted to retain custody of the child.
Accordingly, pending the hearing and determination of the motion by the appellants, brought on by order to show cause dated August 31, 1971, and returnable September 7, 1971, I am staying execution of the Appellate Division’s order of July 6 *653 only insofar as it directs the return of the child by the respondent The Spence-Chapin Adoption Service to her natural mother. In view of the nature of the case, the appeal will be heard at a special session of the court to be held in Albany on September 7, 1971.